UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PALTA-PALTA,<br><br>Petitioner,<br><br>-v-<br><br>FRANCIS, et al.,<br><br>Respondents. | 26-CV-4577 (DEH)<br><br>**MEMORANDUM OPINION AND ORDER** |

DALE E. HO, United States District Judge:

Before the Court is a Petition for Writ of Habeas Corpus brought by Petitioner Veronica Alexandra Palta-Palta. The Court ordered supplemental briefing regarding several cases concerning similar revocations of supervised release. *See* ECF Nos. 20-25. On review of the letters and briefing in this matter, the Petition is **DENIED WITHOUT PREJUDICE** to renewal if Petitioner's detention becomes unreasonably prolonged. *See Black v. Decker*, 103 F.4th 133 (2d Cir. 2024).

Petitioner is a native and citizen of Ecuador who entered the United States in 2012 and has resided here for over fourteen years. First Amended Petition ("Pet.") ¶ 1, ECF No. 15. On May 31, 2026, ICE revoked Petitioner's long-standing Order of Supervision and detained her, invoking an expedited removal order that was issued in 2012. Pet. ¶ 2. On May 31, 2026, Petitioner reported to the ICE office at 26 Federal Plaza, New York, New York, with a valid Ecuadorian passport. Pet. ¶ 23. On that date, ICE detained Petitioner pursuant to a Form I-205 warrant and served Petitioner with a Notice of Revocation of Release (Form 71-091), signed by Field Office Director Kenneth Genalo. Pet. ¶¶ 23-24.

The Notice stated that Petitioner's release was revoked pursuant to 8 C.F.R. § 241.4(l)

because: "It is appropriate to enforce the removal order entered against you as ICE has the ability and means to effectuate your removal." Notice of Revocation of Release, ECF No. 15-3. The Notice also stated that "ICE has obtained a travel document and scheduled your removal to take place no later than: 08/30/2026." *Id.* On May 31, 2026, ICE officer Justin James-Townend conducted an informal interview of Petitioner. Pet. ¶ 26. Petitioner made no statements and provided no documents during the interview. *Id.*

Petitioner argues that the notice of revocation described above was insufficient.[1] 8 C.F.R. §§ 241.13(i)(2) and (3) provide:

> (2) Revocation for removal. The Service may revoke an alien's release under this section and return the alien to custody if, on account of changed circumstances, the Service determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future. Thereafter, if the alien is not released from custody following the informal interview provided for in paragraph (h)(3) of this section, the provisions of § 241.4 shall govern the alien's continued detention pending removal.
>
> (3) Revocation procedures. Upon revocation, the alien will be notified of the reasons for revocation of his or her release. The Service will conduct an initial informal interview promptly after his or her return to Service custody to afford the alien an opportunity to respond to the reasons for revocation stated in the notification. The alien may submit any evidence or information that he or she believes shows there is no significant likelihood he or she be removed in the reasonably foreseeable future, or that he or she has not violated the order of supervision. The revocation custody review will include an evaluation of any contested facts relevant to the revocation and a determination whether the facts as determined warrant revocation and further denial of release.

Here, Petitioner was provided notice stating that ICE had obtained Petitioner's travel document and had scheduled her removal to occur by a date certain. *See* ECF No. 16 at 9-10. Thus, the

---

[1] Section 1252(g) does not bar this Court from adjudicating these claims. *See Zhu v. Genalo*, 798 F. Supp. 3d 400, 406–07 (S.D.N.Y. 2025) (exercising jurisdiction over "claims [that were] collateral to the [g]overnment's decision to execute the final order of removal, and instead involve[d] whether the [g]overnment complied with its own [ ] procedures and whether . . . [petitioner's] detention after the removal period [was] constitutional"); *Diallo v. Lyons*, No. 26 Civ. 3364, 2026 WL 1791494, at *6 (E.D.N.Y. June 22, 2026) (same).

"changed circumstance[]" that led to the revocation of Petitioner's release was that ICE had newly obtained a travel document for Petitioner's removal, and Petitioner had the ability to contest the revocation of her order of supervision by challenging the legitimacy of her travel document at her informal interview. Petitioner does not contend that ICE did not have a valid travel document or that ICE had not scheduled her removal to take place by the end of August. Nor does Petitioner contend that the notice provided to her misrepresented either of these facts or that she was not given an actual opportunity to contest their legitimacy.

Thus, because Petitioner cites no authority for the proposition that further notice or opportunity to be heard is required under § 241.13, or for the remainder of her due process arguments, the Petition is **DENIED WITHOUT PREJUDICE**. *Compare with Adeloye v. Perry*, No. 26 Civ. 2163, 2026 WL 2274620, at *4 (E.D. Va. Aug. 4, 2026) ("The premise for Petitioner's initial detention, that ICE had secured a travel document for him to Nigeria, has been disproven . . . there is simply nothing in the record to show that Petitioner's removal is likely beyond a statement of a Deportation Officer that ICE would "immediately proceed" with removal to Nigeria absent this habeas."); *Garcia-Rivera v. Noem*, No. 26 Civ. 229, 2026 WL 1244545, at *3 (E.D. Va. Mar. 2, 2026) ("There is nothing else, not even the suggestion that ICE has simply attempted to secure travel documents or Mexico's authorization for Petitioner's removal to Mexico. This all is plainly inadequate to establish a changed circumstance, let alone one that suggests removal has become significantly likely in the reasonably foreseeable future."); *Saeteun v. Albarran*, No. 26 Civ. 4743, 2026 WL 1454304, at *5 (N.D. Cal. May 22, 2026) (finding constitutional violation where Counsel was denied access to the interview and there was a dispute of fact over whether there was actual notice of the reasons for termination of release or if the form was produced after

the fact).

The Stay of Removal, ECF No. 3, is hereby **VACATED**. The Government shall (1) submit a status letter with the Court when Petitioner has been removed from the country; or (2) if Petitioner has not been removed from the country by **December 1, 2026**, submit a status letter regarding Petitioner's status, including: (a) whether Petitioner remains detained, and (b) whether there is a significant likelihood of removal in the reasonably foreseeable future, including (i) what steps the Government has taken to effectuate removal of Petitioner, including what if any travel documents have been obtained; (ii) what obstacles, if any, remain to effectuate the Petitioner's removal; (iii) what steps the Government anticipates taking to overcome these obstacles; (iv) the anticipated timeframe, if any, for Petitioner's removal.

SO ORDERED.

Dated: August 25, 2026
New York, New York

DALE E. HO
United States District Judge