C & A , P.C.
A NY PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

120 BLOOMINGDALE ROAD, SUITE 400
WHITE PLAINS, NEW YORK 10605

PHONE: 914-385-0292
FAX: 914-615-6515

Reply to White Plains Office

CHRISTOPHER R. CABANILLAS *◊
ATHEEB U. KHATEEB *◦◊^
LAUREN M. OSA *‡
SETH M. LEVY*◦
PAOLA D. VERA*◦
CHRISTOPHER C. GARITEE*◊%
KRYSTAL PAULINO*◊◦
NOEL P. O'BRIEN*◊
VICTORIA GAMEZ-AGEE*
SAMUEL O. ADENAIKE◦
THALIA MARTINEZ-PALMA*
KATHLEEN SIGUENZA*^
VITORIA CASTRO*
ANA FLOREZ#
LARA BAKSHI*
ELIZABETH AVILA◊

*OF COUNSELS:*
ROLFI J. ADON*◦
MARIO M. BLANCH◦

Admitted In:
* New York
◦ New Jersey
◊ Connecticut
‡ Florida
# Minnesota
^ Pennsylvania
% Texas

New York Offices:
1452 Westchester Ave.
Bronx, NY 10468

88-30 Sutphin Blvd.
Jamaica, NY 11435

96-01 Roosevelt Ave., 2nd Fl.
Corona, NY 11368

4922 4th Ave., 2nd Floor
Brooklyn, NY 11220

105 Maxess Rd., Suite 320
Melville, NY 11747

New Jersey Offices:
4100 Kennedy Blvd., Suite 102
Union City, NJ 07087

825 Georges Road
North Brunswick, NJ 08902

26 Ferry Street
Newark, NJ 07105

127 Chestnut Street
Roselle Park, NJ 07204

Connecticut Office:
300 Main Street, Suite 500
Stamford, CT 06901

September 2, 2026

**VIA ECF**
The Honorable Dale E. Ho
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

**Re:** ***Palta-Palta v. Francis, et al.*, Case No. 1:26-cv-04577 (S.D.N.Y.)**
**Emergency Letter-Motion to Renew Habeas Relief, Reinstate Temporary Stay of Removal, and Require Expedited Status Update**
**PM 44815.00**

Dear Judge Ho:

Petitioner Veronica Alexandra Palta-Palta respectfully submits this emergency letter-motion in light of the Court's August 25, 2026 Memorandum Opinion and Order denying the amended petition without prejudice and vacating the stay of removal. Petitioner seeks limited emergency relief based on new and material post-order developments. Specifically, Petitioner has now been transferred to Richwood Correctional Center in Louisiana, and the August 30, 2026 removal date identified in ICE's Notice of Revocation and relied upon by Respondents has now passed placing it immediately at issue.

Petitioner respectfully requests that the Court enter an administrative stay of removal, require Respondents to file an expedited status letter, and permit renewed briefing on whether Petitioner's continued detention remains lawful. This application seeks renewed relief based on the Court's express without-prejudice disposition, the Government's prior representations about imminent removal, and the current factual posture.

The prior record turned in substantial part on Respondents' representation that ICE possessed a valid Ecuadorian passport and had scheduled Petitioner's removal no later than August 30, 2026. ICE's Notice of Revocation stated that Petitioner's June 7, 2012 Order of Supervision was revoked, that she would remain detained in ICE custody, that ICE had "the ability and means to effectuate" removal, and that ICE had obtained a travel document and scheduled removal no later than August 30, 2026. Respondents later advised the Court that Petitioner's travel document was her Ecuadorian passport and argued that, because a valid travel document had been acquired and removal had been scheduled by August 30, 2026, *Adeloye* and *Saeteun* had no bearing on this case.

The current posture requires immediate clarification. The ICE detainee locator now reflects that Petitioner is in ICE custody at Richwood Correctional Center in Louisiana. The transfer to Louisiana is significant because the Court's June 1, 2026 order previously stayed removal and restricted transfer outside this District, the Eastern District of New York, or the District of New Jersey to preserve the Court's jurisdiction, Petitioner's participation in these proceedings, and access to counsel. Although the Court has since vacated the stay, Petitioner's transfer to Louisiana, together with the passing of the August 30 removal deadline, creates an urgent need for an expedited factual update before removal occurs. [See ICE Tracker information attached hereto as **Exhibit A**].

If Respondents have not removed Petitioner by the very date they represented to the Court and identified in the Notice of Revocation, then the factual premise for continued detention and immediate removal has materially changed. At minimum, Respondents should be required to explain whether removal was attempted, whether a flight is currently scheduled, whether Ecuador has accepted Petitioner for removal, whether the passport remains valid and sufficient for travel, what steps ICE has taken since the Court's August 25 order, what obstacles remain, and why Petitioner was transferred to Louisiana.

The Court's August 25 order itself contemplates further factual development if Petitioner is not removed. The order directs Respondents, if Petitioner has not been removed by December 1, 2026, to file a status letter addressing whether Petitioner remains detained and whether there is a significant likelihood of removal in the reasonably foreseeable future, including the steps taken to effectuate removal, what travel documents have been obtained, what obstacles remain, what steps the Government anticipates taking to overcome those obstacles, and the anticipated timeframe for removal. Petitioner respectfully submits that, given the vacatur of the stay, the transfer to Louisiana, and the risk of imminent removal, an expedited version of that inquiry is necessary now.

Petitioner therefore respectfully requests that the Court enter an immediate administrative stay of removal pending resolution of this application and order Respondents to file a status letter within 24 hours stating: whether Petitioner remains detained; whether ICE attempted to remove her on or before August 30, 2026; whether a flight is currently scheduled; whether Ecuador has accepted Petitioner for removal; whether ICE continues to possess a valid travel document sufficient for removal; what obstacles, if any, remain to removal; why Petitioner was transferred to Louisiana; whether the transfer was for removal staging; and whether Respondents will agree not to remove Petitioner while this renewed application is pending.

Petitioner further requests permission to file a renewed habeas submission after Respondents' expedited status letter. If Respondents cannot demonstrate that removal is imminent and practically executable, Petitioner requests renewed consideration of release under her prior Order of Supervision or, at minimum, a prompt individualized custody hearing or custody review. Petitioner has already proposed a consensual resolution under which she would be released subject to appropriate ICE supervision, including monthly reporting requirements, address-change

notifications, and any other reasonable supervision conditions the Government believes appropriate.

We thank the Court for its attention to this emergency request.

Respectfully submitted,

s/ Christopher C. Garitee

CCG/

Christopher C. Garitee, Esq.

The Court is in receipt of this letter motion. Respondents shall file a status letter by **September 4, 2026** at **2 P.M.** stating: (1) whether Petitioner remains detained; (2) whether ICE attempted to remove Petitioner on or before August 30, 2026; (3) whether a removal flight is currently scheduled; (4) whether Ecuador has accepted Petitioner for removal; (5) whether ICE continues to possess a valid travel document sufficient for removal; and (6) what obstacles, if any, remain to removal and the Govt's intended steps to overcome such obstacles.

SO ORDERED.

Dated: September 3, 2026
New York, New York

Dale E. Ho
United States District Judge